UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

JACK REED,　　　　　　　　　　　　　　　　CASE NO. 4:13 CV 1480

　　　　　Petitioner,

　　v.
　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION

J. COAKLEY,

　　　　　Respondent.

KATZ, J.

Before the court is *pro se* petitioner Jack Reed's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is incarcerated at the Federal Correctional Institution at Elkton ("FCI Elkton"), brings this action against FCI Elkton Warden Joe Coakley. He seeks an order vacating the decision entered by a Disciplinary Hearing Officer (DHO) and restoring 27 days Good Conduct Time (GCT).

The petition and attachments reflect Reed was found guilty by the DHO of "refusing to provide a urine sample." He challenges this finding on the grounds that he had recently urinated when he was required to provide the sample, he was not provided 8 ounces of water as required by rule, and that he has a medical condition which impaired his ability to provide a sample. A federal court's review of the quantum of evidence for a prison disciplinary board's decision is limited to determining whether the decision is supported by "some evidence.". *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill* , 472 U.S. 445- 55 (1985). The court is not permitted to re-weigh the evidence presented. *Id.* at 455. The determinations of prison officials in disciplinary cases must be made quickly in a highly charged atmosphere, *id.* at 456, and the "Constitution does not require evidence that precludes any conclusion but the one reached by the disciplinary board."

*Id*. at 457.

Although Reed appears to suggest his due process rights were violated, the requirements of due process are satisfied if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." *United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S.103, 106 (1927). The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. The revocation of good time credits is not comparable to a criminal conviction, *Wolff v. McDonnell*, 418 U.S. 539, 556(1974), and neither the amount of evidence necessary to support such a conviction, *see Jackson v. Virginia*, 443 U.S. 307 (1979), nor any other standard greater than "some evidence" applies in this context. *Superintendent, v. Hill*, 472 U.S. at 456. Therefore, prisoners facing a loss of good-time credits must be given (1) advance written notice of the disciplinary charges, (2) an opportunity to present witness testimony and other evidence when such allowance is consistent with safety and correctional goals, and (3) a written statement of reasons for the disciplinary action taken. *Espinoza v. Peterson*, 283 F.3d 949, 952 (8th Cir. 2002). *See also Allen v. Reese*, 52 Fed. Appx. 7, 8 (8th Cir. Dec. 3, 2002) (unpublished opinion) (holding that *federal* prisoner's right to due process was satisfied, as he was given (i) written notice of the charges against him, (ii) the right to call witnesses, and (iii) a written report of the DHO's decision).

Ascertaining whether the "some evidence" standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *See Wolff*, 418 U.S. at 556; *United States ex rel. Tisi v. Tod*, 264 U.S. 131, 133-134 (1924); *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th

Cir. 1974). The DHO weighed the evidence and found that the prohibited act was committed by petitioner. While Reed does not agree with this finding, it is apparent there was some evidence to support the DHO's conclusion, something petitioner conceded in his administrative appeal. See ECF Doc # 1-3, Page ID #13.

Accordingly, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                             s/ *David A. Katz*
                                            DAVID A. KATZ
                                            U. S. DISTRICT JUDGE